1  RUTAN & TUCKER, LLP
   Layne H. Melzer (State Bar No. 132292)
2  lmelzer@rutan.com
   Proud Usahacharoenporn (State Bar No. 278204)
3  pusaha@rutan.com
   611 Anton Boulevard, Suite 1400
4  Costa Mesa, California 92626-1931
   Telephone:   714-641-5100
5  Facsimile:   714-546-9035

6  Attorneys for Defendant
   SAFEWAY INC.
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 | REBEKAH PREWITT AND LAUREN | Case No. 3:16-cv-2753
   | BARRY, individually and on behalf of all
12 | others similarly situated,
   |                                          | **DEFENDANT SAFEWAY, INC.'S**
13 |              Plaintiff,                  | **NOTICE OF REMOVAL TO UNITED**
   |                                          | **STATES DISTRICT COURT FOR THE**
14 |       vs.                                | **NORTHERN DISTRICT OF**
   |                                          | **CALIFORNIA**
15 | SAFEWAY, INC., a California Corporation
   | and DOES 1 through 50,                   | (San Francisco Superior Court
16 |                                          | Case No. CGC-16-551463)
   |              Defendants.
17 |                                          | Date Action Filed:
   |                                          | Trial Date:
18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Rutan & Tucker, LLP
attorneys at law

348/099999-0091
9680304.2 a05/20/16

SAFEWAY'S NTC OF REMOVAL TO USDC
NORTHERN DISTRICT OF CALIFORNIA

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendant Safeway Inc. ("Safeway") hereby removes the above-entitled action to this Court from the Superior Court of the State of California, County of San Francisco, pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof alleges as follows:

## I. REMOVAL IS TIMELY.

1. Plaintiffs Rebekah Prewitt and Lauren Barry (together, "Plaintiffs") initiated a civil action captioned, *Rebekah Prewitt and Lauren Barry, individually, and on behalf of all others similarly situated v. Safeway, Inc., a California corporation; and DOES 1 through 50, inclusive*, Superior Court of the State of California, County of San Francisco, Case No. CGC-16-551-463 ("Prewitt" or the "State Action").

2. Prewitt was filed on April 13, 2016. Safeway, the only named Defendant, was served with Plaintiffs' Complaint on April 20, 2016. See Complaint, Civil Case Cover Sheet, and summons executed by the Clerk of the superior Court of California, San Francisco County, attached hereto at *Exhibit 1*; see also Proof of Service of Summons upon Safeway, attached hereto at *Exhibit 2*. These papers are the only process, pleadings or orders served on Safeway in the San Francisco Superior Court action as of the date of this Notice of Removal.

3. This Notice of Removal is being filed within thirty (30) days after Plaintiffs served their Complaint upon Safeway, it is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C).

4. Promptly after filing this Notice of Removal with the Northern District Court of California, Safeway will file a copy of this Notice of Removal with the Clerk of the Superior Court of San Francisco County, California, and serve notice on Plaintiffs, as required by 28 U.S.C. § 1446(d).

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

348/099999-0091
9680304.2 a05/20/16

-1-

SAFEWAY'S NTC OF REMOVAL TO USDC
NORTHERN DISTRICT OF CALIFORNIA

## II.  GROUNDS FOR REMOVAL.

5. As more fully explained below, this Court has jurisdiction over this Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because:

   a. *Prewitt* is a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B) filed on behalf of a putative class of consumers who purchased Safeway's "Signature Kitchens" brand of grated parmesan cheese during the period starting April 13, 2012 through the present;

   b. The amount in controversy based on the aggregation of the proposed class members' alleged claims exceeds $5,000,000.00, exclusive of interest and costs (28 U.S.C. § 1332(d)(2) and (6)); and

   c. There is minimal diversity.  Specifically, at least one member of the proposed class of plaintiffs is a citizen of a different state than Safeway.  28 U.S.C. § 1332(d)(2)(A)-(B).

## III.  SUBJECT MATTER JURISDICTION EXISTS IN THIS COURT.

6. Plaintiffs' Complaint alleges that Safeway violated California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17204), False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*), and Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), and also asserts claims against Safeway for Breach of Express Warranty, Negligent Misrepresentation, and Unjust Enrichment, arising from allegations that Safeway's "Signature Kitchens" and "Safeway Kitchens" 100% Grated Parmesan Cheese" product mislabeled and falsely advertised (hereinafter, the "Alleged Product").  *See* Complaint, Ex. 1.

7. Plaintiffs sued on behalf of themselves as well as a putative class pursuant to Cal. Code of Civ. Proc. § 382 and Cal. Civ. Code § 1781, and have defined the member of the class to consist of, "all natural persons located within the State of California who purchased a Safeway Signature Kitchens' 100% Grated Parmesan Cheese product at any time beginning four (4) years prior to the filing of this action, and ending at the time this

Rutan & Tucker, LLP
attorneys at law

348/099999-0091
9680304.2 a05/20/16

-2-

SAFEWAY'S NTC OF REMOVAL TO USDC
NORTHERN DISTRICT OF CALIFORNIA

action settles or proceeds to final judgment." *See* Ex. 1 at ¶ 14 (the "Putative Class" and the "Putative Class Period").

8. There are more than 100 members of the Putative Class.

9. Cal. Code of Civ. Proc. § 382 and Cal. Civ. Code § 1781, upon which Plaintiffs proceed in state court on a class-wide basis, are state statutes similar to Rule 23 of the Federal Rules of Civil procedure. Accordingly, Plaintiffs' State Action is a "class action" as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B).[1]

## IV. MINIMAL DIVERSITY OF CITIZENSHIP EXISTS.

10. District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B), where, inter alia, "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *See* 28 U.S.C. § 1332(d)(2)(A).

11. Safeway maintains its principal place of business in California, and accordingly, is a citizen of California.

12. Plaintiffs' Complaint does not allege that either of the Plaintiffs is a citizen of California. *See* Complaint, Ex. 1, at ¶ 12 (alleging that Plaintiff "Ms. Prewitt is a United States citizen and current resides in Escondido, California."); *see also id*. at ¶ 13 (alleging that Plaintiff "Ms. Barry is a United States citizen and current resides in San Diego, California.") (underlining added).

13. Plaintiffs' Complaint does not limit the Putative Class to citizens of California as of the date the Complaint was filed, but rather, defines the Putative Class to include, "[a]ll natural persons located within the State of California who purchased a Safeway Signature Kitchens' 100% Grated Parmesan Cheese product at any time beginning four (4) years prior to the filing of this action, and ending at the time this action settles or proceeds to final judgment." Accordingly, the Putative Class includes, among other persons, citizens of states other than California who were "located" in California when they purchased the Alleged

---

[1] Safeway does not agree that Plaintiffs' claims are appropriate for class treatment in any form and reserves the right to make all available arguments in that regard in opposition to any motion for class certification that Plaintiffs may file.

Rutan & Tucker, LLP
attorneys at law

348/099999-0091
9680304.2 a05/20/16

-3-

SAFEWAY'S NTC OF REMOVAL TO USDC
NORTHERN DISTRICT OF CALIFORNIA

Product; persons who are former citizens of California who were located in California at the time they purchased the Alleged Product, but who as of the date the Complaint was filed were no longer citizens of California; and persons who are not citizens of the United States (whether in California illegally or legally), who were "located" in California when they purchased the Alleged Product.

14. Accordingly, one or more members of the Putative Class are citizens of a State that is different from the Defendant, Safeway.

## V.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

15. District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B), where, inter alia, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), the claims of each putative class member can be aggregated to determine whether the amount in controversy requirement is satisfied. Based on the allegations in Plaintiffs' Complaint and the nature of the relief Plaintiffs seek, the amount in controversy requirement is satisfied.

16. Plaintiffs' Complaint seeks relief, "on behalf of all other individuals who purchased Safeway Signature Kitchens' 100% Grated Parmesan Cheese" during the applicable statute of limitations period, which is April 13, 2012 through the date that final judgment is rendered in Plaintiffs' case. *See* Complaint, Ex. 1, at ¶¶ 8, 14, 35.

17. Even though Safeway is the only named Defendant, the Complaint alleges that "Safeway owns and operates grocery stores doing business as Safeway, Vons, and Pavilions," and proposes to include in its request for relief any Alleged Product, regardless of whether sold at a Safeway, Vons or Pavilion store. See Complaint, Ex. 1, at ¶¶ 17, 20. Indeed, Plaintiffs purchased the Alleged Product at Vons grocery stores. *See id*. at ¶¶ 31, 32. Accordingly, for purposes of calculating the amount in controversy in this Action, it is appropriate to include all sales of the Alleged Product in Safeway, Vons and Pavilion stores located in the State of California during the Putative Class Period.[2]

---

[2]   Safeway includes these sales for purposes of this Notice of Removal only, and reserves

Rutan & Tucker, LLP
attorneys at law

348/099999-0091
9680304.2 a05/20/16

-4-

SAFEWAY'S NTC OF REMOVAL TO USDC
NORTHERN DISTRICT OF CALIFORNIA

18. Plaintiffs, individually and on behalf of the Putative Class, "seek a refund and/or recession" of all purchases of Safeway's Alleged Product within the 4-year Putative Class Period. *See id*. at ¶ 9.[3]

19. Plaintiffs also allege that an 8 oz. container of the Alleged Product is "sold for approximately $3.99." *Id*. at ¶ 20. Plaintiffs also include in their requests for relief the 16 oz. container size of the Alleged Product. *See id*. at ¶ 20.

20. Plaintiffs also request an award of reasonable attorneys' fees. *See id*. at ¶¶ 53, 74, and Prayer for Relief (Complaint at p. 18) at ¶ 5.

21. Plaintiffs also seek "injunctive and other equitable relief necessary to protect the interest of Plaintiffs and the Class, including, inter alia, an order prohibiting Safeway from engaging in the unlawful act described above." *Id*. at Prayer for Relief, ¶ 3. As alleged, this would obligate Safeway to change is formula for the Alleged Product and/or its labeling, and to remove all existing Alleged Product from its California stores, and destroy all existing Alleged Product made with the allegedly offending formula and/or to change all of the allegedly false or misleading labels.

22. Plaintiffs do not specifically allege the total amount of damages that they seek for themselves or on behalf of the Putative Class. Defendant has no obligation to venture beyond the pleadings to try to calculate the amount in controversy. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. Feb. 25, 2013).

23. Nevertheless, Safeway has made a reasonable determination that more than $5,000,000 worth of the Alleged Product was sold in its California stores during the Putative Class Period. Moreover, Plaintiffs' request for monetary relief based on actual sales of the Alleged Product during the entire Class Period will exceed $5,000,000. Accordingly, the

---

its right to assert that consumers who purchased the Alleged Product in stores other than Vons cannot be included with the Putative Class.

[3] Safeway disagrees that Plaintiffs or any member of the Putative Class is entitled to any of the relief sought, and Safeway reserves its right to assert all available arguments in that regard, if necessary, at a later date. Still, Plaintiffs' request for such relief satisfies the amount in controversy requirement.

Rutan & Tucker, LLP
attorneys at law

348/099999-0091
9680304.2 a05/20/16

-5-

SAFEWAY'S NTC OF REMOVAL TO USDC
NORTHERN DISTRICT OF CALIFORNIA

1  matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and
2  costs. *See* 28 U.S.C. § 1332(d)(2).

3  24. Plaintiffs also pray for attorneys' fees as permitted by law. The CLRA permits prevailing plaintiffs to recover attorneys' fees. Civ. Code §§ 1780(e), 1794(d). "Attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant." *Goldberg v. CPC International Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). Plaintiffs' request for attorneys' fees and injunctive relief will increase the amount in controversy, and indeed, the requirement that all Alleged Product in California be recalled and destroyed or relabeled, is likely to increase the amount in controversy substantially. *See e.g.*, *Mora v. Harley-Davidson Credit Corp.*, No. 08-cv-01453, 2009 WL 464465, *5 (E.D. Cal. Feb. 24, 2009) (denying motion to remand and including aggregate value of injunctive relief as part of amount in controversy calculation). Safeway is informed and believes that these additional claims for relief will independently or in combination with the requested monetary relief will exceed $5,000,000.

## VI. VENUE.

25. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a).

## VII. NOTICE.

26. Safeway will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which this action has been pending. *See* 28 U.S.C. § 1446(d).

## VIII. CONCLUSION.

Safeway respectfully removes this Action to this Court. Should Plaintiffs assert any challenge to removal, Safeway requests the opportunity to present evidence in the form of a brief supported by an affidavit or other admissible evidence in support of its Notice of Removal, and to present brief oral argument in support of its argument that jurisdiction is proper in this Court. *See, e.g.*, *Altamirano v. Shaw Indus., Inc.*, 2013 U.S. Dist. LEXIS 84236, at *9-10 (N.D. Cal. 2013) (recognizing that, "[a] court may properly consider evidence the removing party submits in its opposition to remand, even if this evidence was

Rutan & Tucker, LLP
attorneys at law

348/099999-0091
9680304.2 a05/20/16

-6-

SAFEWAY'S NTC OF REMOVAL TO USDC
NORTHERN DISTRICT OF CALIFORNIA

1  not submitted with the original removal petition") (quoting citing *Cohn v. Petsmart, Inc.*,
2  281 F.3d 837, 840 n. 1 (9th Cir. 2002)); see also Willingham v. Morgan, 395 U.S. 402, 407
3  n. 3, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969) ("[I]t is proper to treat the removal petition as
4  if it had been amended to include the relevant information contained in the later-filed
5  affidavits.").

7  Dated: May 20, 2016        RUTAN & TUCKER, LLP
                               LAYNE H. MELZER

                               By:    /s/ Layne H. Melzer
                                   Layne H. Melzer
                                   Attorneys for Defendant
                                   SAFEWAY, INC.

Rutan & Tucker, LLP
attorneys at law

348/099999-0091
9680304.2 a05/20/16

-7-

SAFEWAY'S NTC OF REMOVAL TO USDC
NORTHERN DISTRICT OF CALIFORNIA