**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAFEWAY, INC., a California corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REBEKAH PREWITT and LAUREN BARRY, individually, and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es:)* San Francisco Superior Court | *(Número del Caso):* **CGC-16-551463** |
| 400 McAllister Street | |
| San Francisco, CA 94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aubry Wand, The Wand Law Firm, 400 Corporate Pointe, Suite 300, Culver City, CA 90230, (310) 590-4503

| DATE: **APR 1 3 2016** | **CLERK OF THE COURT** | Clerk, by | *Arlene Ramos* | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | **ARLENE RAMOS** | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

[SEAL] SUPERIOR COURT OF CALIFORNIA · COUNTY OF SAN FRANCISCO · EUREKA

1   THE WAND LAW FIRM
    Aubry Wand (SBN 281207)
2   400 Corporate Pointe, Suite 300
    Culver City, California 90230
3   Telephone: (310) 590-4503
    Facsimile: (310) 590-4596
4   E-mail: awand@wandlawfirm.com

5   *Counsel for Plaintiffs*

6

7

8

9

**F I L E D**
Superior Court of California
County of San Francisco

APR 13 2016

CLERK OF THE COURT
BY: _Arlene Ramos_
                    Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

10

11   REBEKAH PREWITT and LAUREN
     BARRY, individually, and on behalf of all
12   others similarly situated,

13            Plaintiffs,

14        v.

15   SAFEWAY, INC., a California corporation;
     and DOES 1 through 50, inclusive,

16            Defendants.

17

18

19

CASE NO.: **CGC -16-551463**

**CLASS ACTION COMPLAINT**

1.  **Violation of California False
    Advertising Law**
2.  **Violation of California Consumer
    Legal Remedies Act**
3.  **Violation of California Unfair
    Competition Law**
4.  **Breach of Express Warranty**
5.  **Negligent Misrepresentation**
6.  **Unjust Enrichment and Common
    Law Restitution**

**DEMAND FOR JURY TRIAL**

20

21

22

23

24

25

26

27

28

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-1-
CLASS ACTION COMPLAINT

Exhibit 1, Page 9

File by Fax

1     Plaintiffs Rebekah Prewitt and Lauren Barry ("Plaintiffs"), on behalf of themselves and all

2 others similarly situated, bring this action against Defendant Safeway, Inc. and Does 1 through 50

3 ("Safeway" or "Defendant") to recover monetary damages, injunctive relief, and other remedies

4 for violations of California laws.  Plaintiffs make the following allegations based on the

5 investigation of their counsel and on information and belief, except as to allegations pertaining to

6 Plaintiffs individually, which is based on their personal knowledge.

7                                   **INTRODUCTION**

8     1.     During the statute of limitations period, Safeway has falsely labeled, advertised,

9 and sold thousands of containers of its Safeway branded Signature Kitchens' 100% Grated

10 Parmesan cheese product.

11    2.     The falsely advertised merchandise at issue in this action are marketed, distributed

12 and sold by Safeway to California consumers at its retail stores located throughout the State of

13 California and online via its E-commerce website.

14    3.     Specifically, Safeway has mislabeled and falsely advertised that its Signature

15 Kitchens' 100% Grated Parmesan Cheese product consists of "100% Grated Parmesan Cheese,"

16 when this product actually contains a substantial percentage of cellulose.

17    4.     Cellulose, which is derived from wood pulp, can be used as an anti-clumping agent

18 in certain cheese products because it can absorb water.  Only between approximately 2 - 5 percent

19 cellulose is needed to achieve anti-clumping effect, and cellulose levels in excess of that

20 percentage are simply cheap filler.  Other substances, such as Calcium Sulfate, can also be used to

21 achieve the same or similar anti-clumping effects as cellulose in cheese products.

22    5.     Safeway, however, uses and has used, cellulose in its Signature Kitchens' 100%

23 Grated Parmesan Cheese for unlawful business purposes, in addition to potentially using it as an

24 anti-clumping agent.

25    6.     Safeway Signature Kitchens' 100% Grated Parmesan Cheese does not consist of

26 100 percent cheese, as falsely represented by Safeway.  Laboratory testing suggests that Safeway

27 Signature Kitchens' 100% Grated Parmesan Cheese consists of cellulose levels in excess of a

28 percentage that would be reasonably necessary to serve an anti-clumping purpose.

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

CLASS ACTION COMPLAINT

Exhibit 1, Page 10

7.     Plaintiffs and other California consumers purchased Safeway Signature Kitchens' 100% Grated Parmesan Cheese because they were deceived into believing that this product consisted of 100 percent cheese.  As a result, Plaintiffs and other consumers have been deceived and have suffered economic injury.

8.     Plaintiffs seek relief in this action individually, and on behalf of all other individuals who purchased Safeway Signature Kitchens' 100% Grated Parmesan Cheese during the statute of limitations period, for violations of California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, California's Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, and for breach of express warranty of merchantability, negligent misrepresentation, and unjust enrichment.

9.     As a result of the unlawful scheme alleged herein, Safeway has been able to overcharge Plaintiffs and other consumers for merchandise, induce purchases that would otherwise not have occurred, and/or obtained wrongful profits.  Safeway's misconduct has caused Plaintiffs and other consumers to suffer significant damages.  Plaintiffs, on behalf themselves and other similarly situated consumers, seek a refund and/or rescission of the transaction and all further equitable and injunctive relief as provided by applicable law.

## JURISDICTION AND VENUE

10.     The Superior Court of the State of California has jurisdiction in this matter because Plaintiffs are residents of California, and Safeway is a California corporation that is qualified to do business in California, regularly conducts business in California, and the wrongdoing by Safeway alleged herein occurred in California.  No federal question is at issue because Plaintiffs' claims are based solely on California law.

11.     Venue is proper in this District and the County of San Francisco because numerous persons similarly situated to Plaintiffs purchased the product at issue from Safeway in this District and Safeway runs its businesses through its corporate headquarters and facilities that are located in this District.  In addition, on the "Terms of Use" page of its E-commerce website, under the header, "APPLICABLE LAW," Safeway provides for the following:

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-3-

CLASS ACTION COMPLAINT

Exhibit 1, Page 11

1

"These Terms shall be governed by and construed in accordance with the laws of the State

2
of California, without resort to its conflict of law principles. Regardless of where you
access the Site, you agree that any action at law or in equity arising out of or relating to

3
these Terms shall be filed and adjudicated only in the federal or state courts located in San
Francisco, California, and you hereby irrevocably and unconditionally consent and submit

4
to the exclusive jurisdiction and venue of such courts over any suit, action or proceedings
arising out of these Terms."

5

6
Thus, according to Safeway's own affirmations, this Court has jurisdiction in this matter

7
and venue is proper in this District.

8
### PLAINTIFFS

9
12.     Ms. Prewitt is a United States citizen and currently resides in Escondido,

10
California.  During the statute of limitations period, Ms. Prewitt purchased several containers of

11
Safeway Signature Kitchens' 100% Grated Parmesan Cheese at a Vons grocery store that is near

12
her home.

13
13.     Ms. Barry is a United States citizen and currently resides in San Diego, California.

14
During the statute of limitations period, Ms. Barry purchased several containers of Safeway

15
Signature Kitchens' 100% Grated Parmesan Cheese at various Vons grocery stores near her home.

16
14.     Plaintiffs bring this action on behalf of themselves and the following similarly

17
situated individuals ("Class members"): all natural persons located within the State of California

18
who purchased a Safeway Signature Kitchens' 100% Grated Parmesan Cheese product at any time

19
beginning four (4) years prior to the filing of this action, and ending at the time this action settles

20
or proceeds to final judgment.  Plaintiffs reserve the right to name additional Class representatives.

21
### DEFENDANT

22
15.     Safeway is a Fortune 100 company and one of the largest food retailers in the

23
United States.  In 2013, Safeway had sales of approximately $35.1 billion.

24
16.     Safeway is a corporation with its headquarters located at 5918 Stoneridge Mall

25
Road, Pleasanton, California.  Safeway conducts substantial business in the State of California by

26
owning and operating retail stores and an E-commerce website.  In 2012, Safeway owned and

27
operated approximately 506 stores in California.

28
//

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-4-

CLASS ACTION COMPLAINT

Exhibit 1, Page 12

17.     In the State of California, Safeway owns and operates grocery stores doing business as Safeway, Vons, and Pavilions.  Safeway does business as Safeway in Northern California and Vons and Pavilions in Southern California.

18.     Safeway controls all business activities and decisions out of its corporate headquarters located in Pleasanton, California.  The misleading marketing, advertising, and sales alleged herein was conceived, reviewed, approved, controlled and disseminated from Safeway's headquarters in Pleasanton, California.

19.     In short, the injuries suffered by Plaintiffs and Class members were caused by Safeway's false labeling and advertising that originated from Safeway's headquarters in Pleasanton, California.  The alleged unlawful conduct was carried out from Safeway's Pleasanton, California headquarters and inflicted upon consumers throughout California through Safeway's California grocery stores and its E-commerce website (https://www.safeway.com).

## FACTUAL ALLEGATIONS

### Safeway Signature Kitchens' 100% Grated Parmesan Cheese Product is Falsely Labeled and Advertised as Consisting of 100 Percent Real Cheese

20.     Safeway sells its Signature Kitchens' 100% Grated Parmesan Cheese in 8 oz. and 16 oz. containers on its E-commerce website and in its California grocery stores (Safeway, Pavilions, and Vons).[1]  An 8 oz. container of Safeway Signature Kitchens' 100% Grated Parmesan Cheese is sold for approximately $3.99.

21.     Safeway prominently displays in large lettering on the front label of its Safeway Signature Kitchens' 100% Grated Parmesan Cheese that the product is made of "100% Grated Parmesan Cheese."  Below that prominent lettering, the label makes the additional representation, "100% Real Grated Cheese No Fillers."  *See* Figure 1.

22.     In addition to the actual product labeling, Safeway reinforces the false representation that its Safeway Signature Kitchens' 100% Grated Parmesan Cheese contains 100

---

[1] Some products may have been labeled "Safeway Kitchens" instead of "Signature Kitchens."  The use of Signature Kitchens in this Complaint encompasses any products labeled "Safeway Kitchens," as these products appear to be identical in all other respects.

Exhibit 1, Page 13

percent cheese.  On its E-commerce website, for its Safeway Signature Kitchens' 100% Grated

Parmesan Cheese, under the header Product Details, Safeway states in relevant part:

> "100% real grated cheese. No fillers. Quality guaranteed. Per 1 Tbsp: 25 calories; 1 g sat
> fat (5% DV); 75 mg sodium (3% DV); 0 g sugars. www.betterlivingbrandsllcom.
> Parmesan cheese aged 10m months. Parmesan cheese made from cow's milk. Package
> contains 8 ounces; product will settle during shipment and handling. Our Promise: Quality
> and satisfaction 100% guaranteed or your money back."

*See* Figure 2.

23.     Thus, not only is the actual product label deceptive, but Safeway makes affirmative

representations on its E-commerce website that its Safeway Signature Kitchens' 100% Grated

Parmesan Cheese is "100 percent real grated cheese" and that it contains "No fillers."

24.     Cellulose – a substance derived from wood chips and that can be used as an anti-

clumping agent in cheese products – can be added to cheese products in order to prevent

clumping.  One cheese and food technologist, Dean Sommer, of the Center for Dairy Research in

Madison, Wisconsin, has publicly stated that levels of between 2 to 4 percent of cellulose as an

additive to food products is safe.[2]  Unlike dietary fiber, cellulose has no nutritional value and it

offers none of the benefits provided by dietary fiber.  Cellulose is not digested by humans; it

simply passes through the digestive system.

25.     Based on Plaintiffs' independent research and investigation, levels of between

approximately 2 – 5 percent cellulose are sufficient to achieve any anti-clumping function.

Cellulose in excess of this percentage range is cheap filler that serves no legitimate business

purpose.  Because cellulose is cheaper than actual Parmesan cheese, Safeway reduces costs and

increases profits by adulterating its Safeway Signature Kitchens' 100% Grated Parmesan Cheese

in this way.[3]

---

[2]     http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-
on-your-penne-could-be-wood.

[3]     In addition, because cellulose consists of a significant percentage of fiber, increasing the
percentage of cellulose is a method for Safeway to reduce the percentage of fat on the
nutritional label of the cheese product in a deceptive and misleading manner.

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-6-

CLASS ACTION COMPLAINT

Exhibit 1, Page 14

26.     Calcium sulfate is also used by food companies – including Safeway – as an anti-clumping agent in cheese products. Calcium Sulfate may be a more effective alternative to cellulose in reducing moisture levels in the cheese product at issue.

27.     Laboratory testing suggests that a substantial percentage of Safeway Signature Kitchens' 100% Grated Parmesan Cheese is not 100 percent cheese. An independent food tester tested cheese from an 8 oz. container of the product at issue and the results suggest that Safeway Signature Kitchens' 100% Grated Parmesan Cheese consist of cellulose levels in excess of any percentage that would reasonably serve an anti-clumping purpose.[4] Thus, the product contains cellulose filler and does not consist of 100% Parmesan cheese.

28.     Because Safeway Signature Kitchens' 100% Grated Parmesan Cheese contains cellulose filler, Safeway's representations that the product is "100% real grated cheese," "100% Grated Parmesan Cheese," "and that it contains "No fillers," are inaccurate and intentionally misleading.

29.     Class members, like Plaintiffs, are likely to reasonably rely on Safeway's affirmative misrepresentations, as stated on the product labels and in online advertisements, and believe that Safeway Signature Kitchens' 100% Grated Parmesan Cheese consists of 100 percent cheese, in making the decision to purchase this product. Put differently, a reasonable consumer is likely to interpret Safeway's representations to mean that no substitutes or fillers are present in the cheese product at issue.

30.     California's consumer protection statutes prohibit these false representations and render Safeway Signature Kitchens' 100% Grated Parmesan Cheese misbranded and unfit for sale in the State of California.

**Plaintiffs' Purchases**

31.     During the statute of limitations period, Ms. Prewitt purchased several containers of Safeway Signature Kitchens' 100% Grated Parmesan Cheese at the Vons store near her home in

---

[4]     This testing was conducted as part of Plaintiff's initial investigation. Plaintiff may conduct additional testing.

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-7-

CLASS ACTION COMPLAINT

Exhibit 1, Page 15

Escondido, California.  Ms. Prewitt read the front label of the container, which prominently states, "100% Grated Parmesan Cheese" before deciding to purchase the product.  Ms. Prewitt also read at the bottom of the front label of the container that had the representation, "100% Real Grated Cheese No Fillers."  Ms. Prewitt believed – based on the representations prominently made on the front label of the product – that the product consisted of 100 percent Parmesan cheese.  Ms. Prewitt would not have purchased the containers of Safeway Signature Kitchens' 100% Grated Parmesan Cheese, or would have paid significantly less for the product, had she known that the "100%" representation falsely states the amount and percentage of Parmesan cheese in the product.

32.     During the statute of limitations period, Ms. Barry purchased several containers of Safeway Signature Kitchens' 100% Grated Parmesan Cheese at several Vons stores near her home in San Diego, California.  Ms. Barry read the front label of the container, which prominently states, "100% Grated Parmesan Cheese" before deciding to purchase the product.  Ms. Barry also read at the bottom of the front label of the container that had the representation, "100% Real Grated Cheese No Fillers."  Ms. Barry believed – based on the representations prominently made on the front label of the product – that the product consisted of 100 percent Parmesan cheese.  Ms. Barry would not have purchased the containers of Safeway Signature Kitchens' 100% Grated Parmesan Cheese, or would have paid significantly less for the product, had she known that the "100%" representation falsely states the amount and percentage of Parmesan cheese in the product.

**Class Members' Purchases**

33.     As with Plaintiffs, Class members were likely to be deceived by Safeway's misrepresentations on the labels of its Safeway Signature Kitchens' 100% Grated Parmesan Cheese in that they would not have purchased the product, or would have paid substantially less for the product, had the misrepresentations not been made.

34.     As a result of Safeway's misrepresentations, Plaintiffs and the Class have been injured, to the financial benefit of Safeway.

//

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-8-

CLASS ACTION COMPLAINT

Exhibit 1, Page 16

**CLASS ACTION ALLEGATIONS**

35.     Plaintiffs bring this action pursuant to California Code Civil Procedure § 382, California Civil Code § 1781, and all other applicable laws and rules, individually, and on behalf of all members of the following Class:

> All natural persons located within the State of California who purchased a Safeway Signature Kitchens' 100% Grated Parmesan Cheese product at any time beginning four (4) years prior to the filing of this action, and ending at the time this action settles or proceeds to final judgment.

36.     Excluded from the Class are the following individuals and/or entities: Safeway and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Safeway has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

37.     Plaintiffs reserve the right to modify or amend the definition of the proposed Class and/or add subclasses before the Court determines whether certification is appropriate.

38.     The Class is so numerous that joinder of all members would be impractical.  The number of individuals who purchased a Safeway Signature Kitchens' 100% Grated Parmesan Cheese product within the relevant time period is, at least, in the thousands.  Class members who purchased the product at issue from Safeway's grocery stores are ascertainable through Safeway's records.  Moreover, in order to purchase groceries from Safeway via its E-commerce website, a consumer is required to provide contact information, including their name, address, telephone number, and email address, so any Class member who purchased the product at issue online is also readily ascertainable.

39.     There are questions of law and fact common to the Class that will drive the resolution of this action.  These questions include, but are not limited to, the following:

> a.    Whether Safeway misrepresented the ingredients of its Safeway Signature Kitchens' 100% Grated Parmesan Cheese;

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

CLASS ACTION COMPLAINT

Exhibit 1, Page 17

b.  Whether Safeway misrepresented material facts and/or failed to disclose material facts in connection with the marketing and sale of its Safeway Signature Kitchens' 100% Grated Parmesan Cheese;

c.  Whether Safeway's use of false or deceptive labeling and advertising constituted false advertising under California Law;

d.  Whether Safeway engaged in unfair, unlawful and/or fraudulent business practices under California law;

e.  Whether Safeway made false or misleading statements of fact concerning the ingredients of its Safeway Signature Kitchens' 100% Grated Parmesan Cheese;

f.  Whether Safeway's unlawful conduct, as alleged herein, was intentional and knowing;

g.  Whether Plaintiffs and the Class are entitled to damages and/or restitution, and in what amount;

h.  Whether Safeway is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

i.  Whether Plaintiffs and the Class are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

40.     Safeway engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs and the Class members.  Similar or identical statutory and common law violations, business practices, and injuries are involved. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

41.     The injuries sustained by members of the Class flow, in each instance, from a common nucleus of operative fact.  Each instance of harm suffered by Plaintiffs and the Class has directly resulted from a single course of illegal conduct – namely, the false representation that Safeway Signature Kitchens' 100% Grated Parmesan Cheese consists of 100 percent cheese, when in actuality, the product contains cellulose filler.

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-10-

CLASS ACTION COMPLAINT

Exhibit 1, Page 18

42.     Given the similar nature of the Class members' claims and the absence of material differences in the statutes and common laws upon which the Class members' claims are based, the proposed statewide class will be easily managed by the Court and the parties.

43.     Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis.  A class action is superior to any alternative means of prosecution.

44.     The representative Plaintiffs' claims are typical of those of the Class, as all members of the Class are similarly affected by Safeway's uniform unlawful conduct as alleged herein.

45.     Safeway acted, and failed to act, on grounds generally applicable to Plaintiffs and the Class, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

46.     Plaintiffs will fairly and adequately protect the interests of the Class, and have retained counsel competent and experienced in class action litigation.  The Class representatives have no interest which conflicts with or is adverse to those of the other Class members.

<u>**COUNT I**</u>

**Violation of the California False Advertising Law**

**(On behalf of Plaintiffs and the Class against Safeway)**

47.     Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 46.

48.     California's False Advertising Law ("FAL"), California Business and Professions Code § 17500, *et seq.*, prohibits unfair, deceptive, untrue, or misleading advertising.

49.     Safeway's practice of representing that its Safeway Signature Kitchens' 100% Grated Parmesan Cheese consists of 100 percent Parmesan cheese violates the FAL.  Specifically, California Business and Professions Code § 17500 makes it unlawful for "[a]ny person . . . to make or disseminate or cause to be made or disseminated from this state before the public in any state . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

1  otherwise, or performance or disposition thereof, which is untrue or misleading and which is

2  known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

3    50. Safeway engaged in a scheme of offering mislabeled containers of its Safeway

4  Signature Kitchens' 100% Grated Parmesan Cheese product for sale to Plaintiffs and Class

5  members by way of product packaging, labeling, and internet advertising.  These labels and

6  materials misrepresented and/or omitted the true content and nature of the mislabeled product.

7  Safeway's advertisements and inducements – including the "100 percent cheese" representations

8  made on Safeway's E-commerce website – were made in California, and come within the

9  definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq.*, in that the product

10  packaging, labeling, and promotional materials were intended as inducements to purchase

11  Safeway's Safeway Signature Kitchens' 100% Grated Parmesan Cheese product, and they are

12  statements disseminated by Safeway to Plaintiffs and Class members.  Safeway knew or should

13  have known that these statements were inaccurate and misleading.

14    51. Safeway's false advertisements, as alleged herein, were calculated to induce

15  Plaintiffs and Class members to purchase merchandise they otherwise would not have and/or to

16  spend more money than they otherwise would have spent, in order to increase Safeway's profits.

17    52. Through its unfair acts and practices, Safeway has improperly obtained money

18  from Plaintiffs and the Class.  As such, Plaintiffs request that this Court cause Safeway to restore

19  this money to Plaintiffs and all Class members, and to enjoin Safeway from continuing to violate

20  the FAL in the future.

21    53. Plaintiffs also request that the Court award reasonable attorneys' fees and costs

22  pursuant to Cal. Code of Civ. Proc. § 1021.5.

23  

**COUNT II**

24  **Violation of the California Consumer Legal Remedies Act**

25  **(On behalf of Plaintiffs and the Class against Safeway)**

26  **(For injunctive relief only)**

27    54. Plaintiffs incorporate herein by specific reference, as though fully set forth, the

28  allegations in paragraphs 1 through 53.

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-12-

CLASS ACTION COMPLAINT

Exhibit 1, Page 20

55.     This cause of action is brought pursuant to the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*

56.     Plaintiffs and Class members are "consumers" within the meaning of Cal. Civ. Code § 1761(d).

57.     The sale of Safeway Signature Kitchens' 100% Grated Parmesan Cheese to Plaintiffs and Class members were "transactions" within the meaning of Cal. Civ. Code § 1761(e). The merchandise purchased by Plaintiffs and Class members are "goods" within the meaning of Cal. Civ. Code §1761(a).

58.     As alleged herein, Safeway violated the CLRA by falsely labeling and advertising the product at issue as consisting of 100 percent cheese, when in fact, it contains cellulose filler, rendering the "100%" claim false and misleading to a reasonable consumer.

59.     Safeway has violated several provisions of the CLRA. Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Further, Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. In addition, Cal. Civ. Code § 1770(a)(9)) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

60.     By engaging in the conduct alleged herein, Safeway violated, and continues to violate, among other laws, sections 1770(a)(5), (7) and (9) of the CLRA.

61.     Plaintiffs relied on Safeway's false representations that its Safeway Signature Kitchens' 100% Grated Parmesan Cheese consisted of 100 percent cheese – with no fillers. Plaintiffs would not have purchased the product, or would have paid significantly less for the product, but for Safeway's unlawful conduct. Consumers were likely to also have relied upon Safeway's deceptive labeling and advertising. Plaintiffs and Class members acted reasonably when they purchased Safeway Signature Kitchens' 100% Grated Parmesan Cheese under the mistaken belief that the product they purchased was 100 percent cheese.

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-13-

Exhibit 1, Page 21

62.     Under Cal. Civ. Code § 1780(a), Plaintiffs and Class members seek injunctive and equitable relief for Safeway's violations of the CLRA.  Concurrently with the filing of this Complaint, Plaintiffs have sent a notice letter by certified mail to Safeway of their intent to pursue claims under the CLRA, and an opportunity to cure, consistent with California Civil Code § 1782. If Safeway fails to take corrective action within 30 days of receipt of the demand letter, Plaintiffs intend to amend the Complaint to include a request for damages as permitted under Civil Code § 1782(d).

63.     Plaintiffs seek injunctive relief only pursuant to the CLRA.

### COUNT III

**Violation of the California Unfair Competition Law**

**(On behalf of Plaintiffs and the Class against Safeway)**

64.     Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 64.

65.     Plaintiffs and Class members are "persons" within the meaning of Cal. Bus. & Prof. Code § 17204.

66.     The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

67.     A business act or practice is "unfair" under the UCL if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.  A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.  A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

68.     Safeway has violated the "unfair" prong of the UCL by mislabeling its Safeway Signature Kitchens' 100% Grated Parmesan Cheese in order to induce consumers into believing the product consists of 100 percent cheese, when it does not.

69.     The business acts and practices alleged herein are unfair because they caused Plaintiffs and Class members to falsely believe that Safeway is offering a product that is superior

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-14-

CLASS ACTION COMPLAINT

Exhibit 1, Page 22

1  to what they actually received.  This deception was likely to have induced reasonable consumers,

2  including Plaintiffs, to buy Safeway Signature Kitchens' 100% Grated Parmesan Cheese, which

3  they otherwise would not have purchased, or would have paid substantially less for such product.

4      70.    The gravity of the harm to Plaintiffs and Class members resulting from these unfair

5  acts and practices outweighs any conceivable reasons, justifications and/or motives of Safeway for

6  engaging in such deceptive acts and practices.  By committing the acts and practices alleged

7  herein, Safeway has engaged in, and continues to engage in, unfair business practices within the

8  meaning of California Business & Professions Code § 17200, *et seq.*

9      71.    Safeway has also violated the "unlawful" prong of the UCL by violating several

10  California laws, as alleged herein, including the FAL and CLRA.

11      72.    Safeway also violated the "fraudulent" prong of the UCL by misleading Plaintiffs

12  and Class members to believe that its Safeway Signature Kitchens' 100% Grated Parmesan

13  Cheese consists of 100 percent Parmesan cheese, when in actuality, the product contains cellulose

14  filler.

15      73.    Through its unlawful acts and practices, Safeway has improperly obtained money

16  from Plaintiffs and the Class.  As such, Plaintiffs request that this Court cause Safeway to restore

17  this money to Plaintiffs and the Class, and to enjoin Safeway from continuing to violate the UCL

18  as alleged herein.

19      74.    Plaintiffs also request that the Court award reasonable attorneys' fees and costs

20  pursuant to Cal. Code of Civ. Proc. § 1021.5.

21              **COUNT IV**

22          **Breach of Express Warranty**

23      **(On behalf of Plaintiffs and the Class against Safeway)**

24      75.    Plaintiffs incorporate herein by specific reference, as though fully set forth, the

25  allegations in paragraphs 1 through 74.

26      76.    In connection with the sale of its Safeway Signature Kitchens' 100% Grated

27  Parmesan Cheese, Safeway issued an express warranty that this product consisted of 100 percent

28  cheese.

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-15-

CLASS ACTION COMPLAINT

Exhibit 1, Page 23

77.     Safeway's affirmation of fact and promise on the labels of this product that it consists of 100 percent cheese became part of the basis of the bargain between Safeway and Plaintiffs and Class members, thereby creating express warranties that this product would conform to Safeway's affirmation of fact, representations, promise, and description.

78.     Safeway breached its express warranty because its Safeway Signature Kitchens' 100% Grated Parmesan Cheese does not consist of 100 percent cheese – but instead, is substantially filled with cellulose.  The product at issue here does not live up to Safeway's express warranty.

79.     On the back label of Safeway Signature Kitchens' 100% Grated Parmesan Cheese, Safeway makes the same explicit guarantee: "OUR PROMISE QUALITY & SATISFACTION 100% GUARANTEED OR YOUR MONEY BACK."

80.     Plaintiffs were injured as a result of Safeway's breach because they would not have purchased the product if they had known that the product did not have the characteristics or qualities as expressly warranted by Safeway, or they would have paid substantially less for the product.  Class members were likely to also have reasonably relied upon Safeway's express warranties in purchasing Safeway Signature Kitchens' 100% Grated Parmesan Cheese.

## COUNT V

### Negligent Misrepresentation

### (On behalf of Plaintiffs and the Class against Safeway)

81.     Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 80.

82.     As alleged herein, Safeway misrepresented that its Safeway Signature Kitchens' 100% Grated Parmesan Cheese consists of 100 percent cheese, when, in fact, it contains cellulose filler.

83.     At the time Safeway made these representations, Safeway knew or should have known that these representations were false, or made them without knowledge of their truth or veracity.

//

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-16-

CLASS ACTION COMPLAINT

Exhibit 1, Page 24

84. At minimum, Safeway negligently misrepresented and/or negligently omitted material facts about its Safeway Signature Kitchens' 100% Grated Parmesan Cheese.

85. The negligent misrepresentations and omissions made by Safeway, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce, and actually induced, Plaintiffs and Class members to purchase the product at issue.

86. Plaintiffs would not have purchased the product, or would not have purchased the product on the same terms, if the true ingredients had been known to them. Class members were likely to also have reasonably relied upon Safeway's deceptive labeling and advertising in purchasing Safeway Signature Kitchens' 100% Grated Parmesan Cheese.

87. The negligent actions of Safeway caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI

### Unjust Enrichment and Common Law Restitution

### (On behalf of Plaintiffs and the Class against Safeway)

88. Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 87.

89. As a result of Safeway's wrongful and deceptive conduct, Plaintiffs and Class members have suffered a detriment while Safeway has received a benefit.

90. Safeway's misleading, inaccurate and deceptive marketing and labeling intentionally cultivates the perception that consumers are being offered a product that they are not. Plaintiffs and Class members were intended to rely upon Safeway's misrepresentations when they purchased Safeway's merchandise. Class members, like Plaintiffs, likely would not have purchased Safeway Signature Kitchens' 100% Grated Parmesan Cheese, or would have paid significantly less for the product, if Safeway had not misrepresented the nature of the product.

91. Safeway has received a premium price benefit and/or additional sales from Plaintiffs and Class members as a result of this unlawful conduct.

92. Safeway should not be allowed to retain the premium price profits and/or additional sales generated from the sale of product that was unlawfully marketed, advertised and promoted.

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-17-

CLASS ACTION COMPLAINT

Exhibit 1, Page 25

1  Allowing Safeway to retain these unjust profits would offend traditional notions of justice and fair

2  play and induce companies to misrepresent key characteristics of their product in order to increase

3  sales.

4         93.     Thus, Safeway is in possession of funds that were wrongfully retained from

5  Plaintiffs and Class members that should be disgorged as illegally gotten gains.

6                                **PRAYER FOR RELIEF**

7         **WHEREFORE**, Plaintiffs, individually and on behalf of the Class, respectfully pray for

8  following relief:

9         1.      Certification of this case as a class action on behalf of the Class defined above,

10 appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class

11 counsel;

12        2.      A declaration that Safeway's actions, as described herein, violate the claims

13 described herein;

14        3.      An award of injunctive and other equitable relief as is necessary to protect the

15 interests of Plaintiffs and the Class, including, *inter alia*, an order prohibiting Safeway from

16 engaging in the unlawful act described above;

17        4.      An award to Plaintiffs and the Class of restitution and/or other equitable relief,

18 including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that

19 Safeway obtained from Plaintiffs and the Class as a result of its unlawful, unfair and fraudulent

20 business practices described herein;

21        5.      An award to Plaintiffs and their counsel of their reasonable expenses and attorneys'

22 fees;

23        6.      An award to Plaintiffs and the Class of pre and post-judgment interest, to the extent

24 allowable; and

25        7.      For such further relief that the Court may deem just and proper.

26 //

27 //

28 //

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-18-

CLASS ACTION COMPLAINT

Exhibit 1, Page 26

1   **DEMAND FOR JURY TRIAL**

2       Plaintiffs, on behalf of themselves and the Class, hereby demand a jury trial with respect to

3   all issues triable of right by jury.

4

5   DATED:  April 12, 2016                THE WAND LAW FIRM

6

7       By: _____
        AUBRY WAND

8

9       *Counsel for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE WAND
LAW FIRM
400 CORPORATE
POINTE, SUITE 300
CULVER CITY, CA

-19-

CLASS ACTION COMPLAINT

Exhibit 1, Page 27

Figure 1: Safeway Signature Kitchens "100% Grated Parmesan Cheese" 8 oz. container (screenshot taken from https://www.safeway.com on February 29, 2016).



CLASS ACTION COMPLAINT

Figure 2: Product description for 16 oz. container of Safeway Signature Kitchens "100% Grated Parmesan Cheese" (screenshot taken from https://www.safeway.com on February 29, 2016 (relevant provisions circled in red).



21

CLASS ACTION COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
The Wand Law Firm
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, CA 90230
TELEPHONE NO.: (310) 590-4503          FAX NO.: (310) 590-4596
ATTORNEY FOR (Name):

FOR COURT USE ONLY

**F I L E D**
Superior Court of California
County of San Francisco

APR 13 2016

CLERK OF THE COURT
BY: _Arlene Ramos_
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Prewitt, et al. v. Safeway, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CGC-16-551463** |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Six (6)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 12, 2016

Aubry Wand (SBN 281207)
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*File by Fax*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit 1, Page 31