IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH PREWITT, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAFEWAY INC.,<br><br>    Defendant. | Case No. 16-cv-02753-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND; DENYING DEFENDANT'S MOTION TO STAY; DENYING DEFENDANT'S MOTION TO ENLARGE TIME; DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE RESPONSE TO SUR-REPLY AND TAKE DEPOSITION OF MICHAEL REDGRAVE** |

    Before the Court are the following four motions: (1) plaintiffs' "Motion to Remand Action to San Francisco Superior Court," filed May 26, 2016; (2) defendant Safeway, Inc.'s ("Safeway") "Motion to Stay Proceedings Pending Transfer to MDL No. 2705," filed June 16, 2016; (3) Safeway's "Motion to Enlarge Time for Hearing on Plaintiffs' Motion to Remand," filed June 17, 2016; and (4) plaintiffs' "Motion for an Order to Take the Deposition of Michael Redgrave and to File a Brief Response to Safeway's Sur-Reply to Plaintiffs' Motion to Remand," filed July 1, 2016.  All said motions have been fully briefed. The Court, having read and considered the parties' respective written submissions, deems the matters suitable for decision thereon, hereby VACATES the hearings scheduled for July 22, 2016, and rules as follows.

    In light of the evidence Safeway has submitted in connection with its "Sur-Reply to Plaintiffs' Motion to Remand," filed June 30, 2016, the Court finds Safeway has met its burden to show removal of the above-titled action was proper under the Class Action Fairness Act ("CAFA").  See 28 U.S.C. § 1332(d)(2).  In particular, Safeway has

submitted sufficient evidence to support (1) a finding that the amount in controversy exceeds the statutory threshold of $5,000,000, and (2) an inference that at least one, and most likely considerably more than one, member of plaintiffs' proposed class was, at the time of removal, a citizen of a state other than California, the state of which Safeway is a citizen.  (See Redgrave Decl. ¶ 4 (calculating dollar amount of "sales of the [allegedly mislabeled] Parmesan Cheese Products from all Safeway-operated stores in California for the [proposed class] period of April 13, 2012, through June 1, 2016"), ¶ 7 (identifying total number of customers who, during proposed class period, "used their [Safeway] Club Card to purchase at least one of the Parmesan Cheese Products in Safeway-operated stores in California but who have a record address outside of California"); Mondragon v. Capital One Auto Finance, 736 F.3d 880, 886 (9th Cir. 2013) (noting "numerous courts treat a person's residence as prima facie evidence of the person's domicile").  Plaintiffs have not submitted evidence to the contrary, nor have they shown they could develop such evidence if permitted to depose defendant's declarant.

Accordingly, plaintiffs' motion for expedited jurisdictional discovery and plaintiffs' motion to remand are hereby DENIED.[1]

In light of the above ruling on plaintiffs' motions, defendant's motions are hereby DENIED as moot.[2]

**IT IS SO ORDERED.**

Dated: July 11, 2016

MAXINE M. CHESNEY
United States District Judge

---

[1] In their motion to remand, plaintiffs state that if the Court retains jurisdiction over the instant action, they "are prepared to file an amended complaint clarifying that . . . the proposed class . . . includes only California citizens."  (See Pl.'s Mot. to Remand at 13:6-7.)  As plaintiffs have neither filed, nor requested leave to file, an amended complaint, the Court does not address herein the issue of whether such an amendment would deprive the Court of jurisdiction.

[2] Although defendant's motion to stay seeks such relief as to "all proceedings" (see Doc. No. 23 at 1:4), no motions remain pending at this time, and any currently set deadlines are well beyond the date by which defendant anticipates a determination by the MDL panel.